# THE DWYER LAW FIRM, L.L.C.

17 ACADEMY STREET, SUITE 1201
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

LA TOYA L. BARRETT*
ANGELICA M. CESARIO

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

ATLANTIC CITY AREA OFFICE
CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 230
LINWOOD, NEW JERSEY 08221
(609) 601-6600
(609) 601-6601 (FAX)

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

March 20, 2014

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
    & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re: <u>Lisa Fisher v. Hon. Francine A. Schott, J.S.C., et al.</u>,
     Civil Action No. 13-5549 (JLL)

Dear Judge Hammer:

  I represent the plaintiff in the above-referenced case. This is an employment case brought under the Family Medical Leave Act, the New Jersey Family Leave Act and the New Jersey Law Against Discrimination.

  Pursuant to the Pretrial Scheduling Order in this case, Paragraph 5, this is a Joint Letter presented regarding a discovery dispute that has arisen between the parties.

**A. Nature of the Dispute**

  The Pretrial Scheduling Order, Paragraph 3, provided that all parties would serve initial interrogatories, document requests, and requests to admit on or before February 7, 2014, "to be responded to **within thirty (30) days of receipt**." [emphasis in original]. On February 7, 2014, all parties exchanged initial interrogatories, document requests and requests to admit, via email. Plaintiff served a separate set of interrogatories, document requests and requests to admit on both counsel for the State of New Jersey and on counsel for defendant Judge Francine Schott. Counsel for the State and counsel for Judge Schott each served interrogatories, document requests and requests to admit on plaintiff.

The responses were due 30 days thereafter, or by March 10, 2014.

Plaintiff has served answers to interrogatories, responses to the document requests, and responses to the requests to admit for both the State and for Judge Schott.

Judge Schott has served responses to the requests to admit, and has served answers to interrogatories. However, Judge Schott has not served any responses to the plaintiff's document requests, and has not served any documents in discovery at all.

The State has served responses to the requests to admit, but the State has not served any answers to interrogatories and has not served any responses to plaintiff's document requests. Like Judge Schott, the State has not served any documents in discovery.

Counsel for the State and counsel for Judge Schott both requested plaintiff's consent for an additional 30 days to respond to plaintiff's discovery demands. Plaintiff does not consent to this extension.

**B.   Efforts to Resolve the Dispute**

Plaintiff's counsel contacted defense counsel via email, and sought a detailed explanation for the delay or, failing that, prompt compliance with the discovery demands. Defense counsel responded. Plaintiff's counsel, as explained below, found the response inadequate. The parties have been unable to resolve this impasse.

**C.   Plaintiff's Position**

The Pretrial Scheduling Order was based on the parties' Proposed Joint Discovery Plan, which was submitted to the Court on January 17, 2014. The Pretrial Scheduling Order also was based on a Rule 16 conference held on February 4, 2014, which was attended by counsel of record for all parties. As the Pretrial Scheduling Order itself notes:

> Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, **even with consent of all counsel.**

Hon. Michael A. Hammer, U.S.M.J.
March 20, 2014
Page 3 of 8

Pretrial Scheduling Order, Paragraph 10 (emphasis added). Obviously, defense counsel – both of whom are extremely experienced attorneys – understood the schedule that they were agreeing to when they supported the Pretrial Scheduling Order.

Paragraph 3 of the Pretrial Scheduling Order specifically provides that the responses to the initial discovery demands must be served within 30 days of their receipt, which would be March 10, 2014.

The defense counsels' explanation for the 30 day delay they are seeking simply does not meet the good cause standard.

Regarding counsel for the State, her explanation for the 30 day delay is as follows:

> It is undisputed that the State in this matter carries the bulk of discovery, not to mention the burden for document production. It is no small task. I need additional time to obtain and/or review the documents in this matter and prepare the responses to plaintiff's demands for interrogatories and documents.

No other explanation has been provided. This is simply not an excuse. The case has been in this Court since last September. Defense counsel has had months to ascertain what documents and information are relevant to this case (which is, after all, only a single plaintiff case). Indeed, defense counsel was required months ago to serve Rule 26 disclosures, and so should have already gathered together by that point any relevant documents and information. If defense counsel's explanation sufficed for a delay, then every discovery deadline in every case would be subject to an automatic 30 day extension.

The explanation of counsel for Judge Schott is no more compelling. Counsel for Judge Schott has answered plaintiff's interrogatories (but see footnote 2 infra), but has not provided any response to plaintiff's document requests, and they have not produced a single document in discovery. Significantly, from Judge Schott's own interrogatory answers, it appears defense counsel actually has gathered together and bates numbered the documents – they just have not produced them.

Judge Schott's explanation for this is that a 30 day delay is required "given Marc Edell's trial schedule." When we initially asked defense counsel to identify the trial they were referencing, they did not do so. They now claim

the trial is in the matter of St. Michael's Medical Center v. Mark Connolly, M.D., Docket No. ESX-C-286-10 (a Chancery Division matter). This case has had episodic bench trial dates since late October, 2013, according to New Jersey's Automated Case Management System (ACMS), which is accessible to anyone online. However, according to the ACMS, the St. Michael's case has had only three (3) bench trial dates from the time the discovery was served until the date the discovery responses were due (specifically, trial occurred on February 19th, 20th and 27th). All other trial dates during the relevant time period, according to the ACMS, were either canceled or rescheduled. For the Court's convenience, a copy of the relevant pages from the ACMS is included with this letter.

When I pointed out to defense counsel that three bench trial days (in a case that has been known to defense counsel for many months) did not seem to justify a 30 day delay in answering discovery, defense counsel told me that I was "severely mistaken" about the dates. However, when I asked Judge Schott's attorneys to explain which dates on the ACMS were supposedly in error, they refused to do so.

So we are left with defense counsel insisting on a 30 day delay because of 3 scattered days of bench trial. This just does not make any sense. Further, Mr. Edell is one of three attorneys assigned to this case representing Judge Schott. No explanation is given for why the other attorneys cannot complete the document responses. (And, I should add, Mr. Edell does not appear to be on trial at all this week.)[1]

Counsel for Judge Schott say they are willing to "compromise" by producing the documents they have in their possession (and which, again, are *already* bates numbered). That's not a "compromise." If defense counsel has responsive documents, they should be required to produce them

---

[1] Defense counsel raises two other issues which provide no explanation for why they have not complied with their discovery obligations, but are little more than an attempt to distract from the issues presented by attacking plaintiff's counsel. First, they claim plaintiff's counsel has not provided parameters for electronic discovery. That's not true, we have provided parameters, and we are awaiting a response from defense counsel. Second, they claim plaintiff's counsel was granted an extension of time to respond to Judge Schott's motion to dismiss. That's also not true. The extension was expressly conditioned on plaintiff's counsel actually being on trial in front of a jury. Because that trial was postponed, no extension has occurred. Regardless, neither issued raised by defense counsel provides any justification for their delay in answering discovery.

immediately, regardless of how this dispute is resolved. It is incredible that defense counsel is literally holding responsive documents hostage in order to extract plaintiff's consent to a delay in discovery.

All fact discovery needs to be completed by September 26, 2014. If we are going to stick to that deadline, we need to get depositions started soon, but we cannot move forward when all of the defendants are refusing to produce even a single document in discovery.

This problem is exacerbated when we review the discovery defendants have provided. In response to plaintiff's requests to admit, and in response to plaintiff's interrogatories to Judge Schott, defendants have objected to almost every single request.[2] (The State, again, has not answered plaintiff's interrogatories at all.) It is patent that we will need to go through a laborious process of trying to resolve dozens of discovery disputes just on the written discovery, and then likely seek the intervention of the Court to rule on various matters. This could easily take several weeks. We are also going to have a number of disputes over e-discovery. If not a single document is produced by defendants for another month, we may not get depositions moving until the summer.

This works great prejudice to plaintiff (who has complied with her discovery obligations). Defendants probably need to depose very few witnesses beyond plaintiff. But plaintiff will need to take the depositions of several court personnel. Compressing the time to complete depositions – by delaying the written discovery responses – will deny plaintiff a fair opportunity to complete depositions in this case.

But the prejudice to plaintiff is immaterial in any event. Experienced defense attorneys agreed to the schedule, and they have offered no reason – much less good cause – for a 30 day delay. They should be required to comply with their discovery obligations immediately.

---

[2] We are separately going to try to resolve these discovery deficiencies with defense counsel, and if that effort fails, we will write a separate Joint Letter to the Court on that issue. But to give the Court a flavor of what we are talking about, Judge Schott's attorney objected to **twenty-four out of twenty-five interrogatories.** Likewise, Judge Schott provided zero information in response to eight of the 25 interrogatories – her attorneys simply refused to answer. The defendants' responses to plaintiff's requests to admit were likewise replete with objections and refusals to respond.

D.   **Defendants' Position**

Pursuant to the Pretrial Scheduling Order, the parties were ordered to meet and confer regarding the discovery of electronically stored information by February 21, 2014, and provide the Court with a joint status report by February 28, 2014. Mr. Dwyer had to cut short the parties' meet and confer on February 21, 2014, due to his need to attend a deposition. With that, the parties agreed that by February 25, 2014, they would exchange proposed search parameters for electronic discovery. On February 25, 2014, defense counsel provided Mr. Dwyer with proposed search terms. Accordingly, as a professional courtesy to Mr. Dwyer, defense counsel obtained a two-week extension, to Friday, March 14, 2014, to complete the required electronic discovery conference and joint status report.  At 4:28 p.m. on March 14, 2014, counsel finally received an e-mail from Mr. Dwyer with his comments and his proposed search parameters.  Ms. Scott and Mr. Edell were out of the office and were be unable to review Mr. Dwyer's proposal. The parties must now conclude their meet and confer obligations in an attempt to agree upon the electronic discovery to be conducted in this matter, which was demanded by all parties in their requests for paper discovery.

On March 10, 2014, the State Defendants and Judge Schott served their respective responses and objections to plaintiff's Request for Admission. Judge Schott served her responses and objections to plaintiff's First Set of Interrogatories on Tuesday, March 11, 2014, the same day plaintiff served her responses to defendants' discovery demands.

Also on March 10, 2014, counsel for the State Defendants and Judge Schott requested Mr. Dwyer's consent to an initial 30-day extension of time to serve the remainder of their discovery responses. The State requested an additional 30 days to respond to plaintiff's Interrogatories and Document Demands and Judge Schott requested an additional 30 days to serve responses to plaintiff's Document Demands. Mr. Dwyer refused to consent to an initial extension on the basis that he was not satisfied with the explanations given for the request and because he was allegedly waiting for "several months" for defendants' document production. In reality, the document production was not due until March 10, 2014. As defense counsel reminded Mr. Dwyer, there is no requirement under the Federal Rules for defendants to have provided documents with their Rule 26 Disclosures.

Moreover, instead of providing any substantive reply to defense counsel's requests for an extension, Mr. Dwyer demanded the "case name, venue and docket number for the trial that supposedly precludes [counsel]

from completing [Defendant Schott's] document responses this week." In his letter, Mr. Dwyer incredulously remarks "assuming [Marc] Edell is actually on trial somewhere." Ironically, despite the fact that two of Mr. Dwyer's associates attended the Rule 16 Conference on February 4, 2014, and agreed to a briefing schedule of Judge Schott's Motion to Dismiss, Mr. Dwyer requested a modification to that schedule thereafter on the basis of his trial schedule. Defense counsel agreed to modify same as a professional courtesy and agreed that should Mr. Dwyer be "on trial any point the week of March 10 [2014], plaintiff would be entitled to an automatic adjournment of the motion schedule one motion cycle pursuant to L. Civ. R. 7.1(d)(5)." See Letter Order dated Feburary 10, 2014. At no time did counsel demand that Mr. Dwyer provide the "case name, venue and docket number for the trial that supposedly preclude[d] [him] from [complying with the motion schedule agreed to by his Associates]."

As counsel informed Mr. Dwyer, Mr. Edell has been engaged in a bench trial since October 2013 in the matter of <u>Saint Michael's Medical Center, Inc. v. Mark Connolly, M.D.</u>, Docket No. ESX-C-286-10, in the Superior Court, Essex County before the Honorable David B. Katz, J.S.C. Trial dates have been scheduled each and every month by Judge Katz, dates and times of which include the remaining weeks in March and early April. Instead of extending the same professional courtesy that was accorded to him, Mr. Dwyer demanded that counsel provide detailed information related to the docket number, venue and trial judge assigned to Mr. Edell's case. Instead of timely complying with his electrnic discovery obligations, Mr. Dwyer chose to research Mr. Edell's trial on ACMS. When Mr. Dwyer attempted to confront counsel with the ACMS printout and demand an explanation as to why the trial was rescheduled for three days in February, counsel thought it best to address the Court directly. Judge Katz agreed to adjourn those trial dates due to Mr. Edell's illness. Moreover, as any experienced trial lawyer is aware, the fact that trial was only held for three days in February is misleading given the fact that for each trial day scheduled, a day of preparation whether it be for cross-examination or direct testimony of witnesses is required. In addition, during the course of the trial in February, Judge Katz ordered briefing on a variety of trial issues and ordered the parties to attend mediation on February 28, 2014.

Due to Mr. Edell's trial schedule, as a compromise, counsel for Judge Schott offered to provide Mr. Dwyer with the Bates Stamped documents referred in Judge's Schott's Responses to Interrogatories. Counsel attempted to explain to Mr. Dwyer that additional time is requested to correlate the documents to Plaintiff's voluminous document requests and to

comprehensively and accurately respond to same. Mr. Edell, as lead counsel for Judge Schott, as well as Judge Schott, must review and approve the responses prior to service of same.

Moreover, it is undisputed that the State in this matter carries the bulk of discovery, not to mention the burden for document production. It is no small task. The additional thirty days is required by the State Defendants to obtain and/or review the documents in this matter and prepare responses to plaintiff's demands for interrogatories and documents.

Defense counsel is merely asking for the same professional courtesy of an extension to complete their responses to discovery that has and continues to be afforded to Mr. Dwyer with regard to his trial schedule and his late electronic discovery obligations. This is defendants' first request for an extension of time to respond to paper discovery, and is requested in the interest of comprehensively and accurately responding to plaintiff's requests. In light of the aforementioned, defense counsel's request is not unreasonable. Defense counsel believes that they attempted in good faith attempt to resolve these issues without seeking the Court's intervention.

E. Conclusion

The parties are available to discuss the matters presented in this Joint Letter with the Court, if the Court deems that would be appropriate.

Thank you for Your Honor's courtesies.

Respectfully yours,

THE DWYER LAW FIRM, L.L.C.

Andrew Dwyer

Cc: Susan Scott, DAG (via ECF)
Marc Z. Edell, Esq. (via ECF)



**ACMS Public Access: Case Proceeding List**

 Page: 2

MORE ...

| VENUE : STATEWIDE  COURT : GENL EQUIT  DOCKET # : ESX C  000286 10 |
| --- |
| CASE TITLE : SAINT MICHAELS MEDICAL CENTER INC VS MARK WILLIAM |

| PROCEEDING TYPE | MOTION DOC/TYPE | MOTION STATUS | SESSION DATE | COURT ROOM | PROCEED TIME | JUDGE ID | PROCEEDING STATUS BY:VIA: |
| --- | --- | --- | --- | --- | --- | --- | --- |
| TRIAL | | | 02 27 14 | 8THFL | 01 30 | DBK01 | CONTINUED |
| TRIAL | | | 02 20 14 | 8THFL | 09 00 | DBK01 | CONTINUED |
| TRIAL | | | 02 19 14 | 8THFL | 09 00 | DBK01 | CONTINUED |
| TRIAL | | | 02 13 14 | 8THFL | 01 30 | DBK01 | RSCHED |
| TRIAL | | | 02 11 14 | 8THFL | 09 00 | DBK01 | RSCHED |
| TRIAL | | | 02 10 14 | 8THFL | 09 00 | DBK01 | RSCHED |
| TRIAL | | | 01 23 14 | 8THFL | 01 30 | DBK01 | CONTINUED |
| TRIAL | | | 01 14 14 | 8THFL | 09 30 | DBK01 | CONTINUED |
| TRIAL | | | 01 13 14 | 8THFL | 09 30 | DBK01 | CONTINUED |
| TRIAL | | | 01 09 14 | 8THFL | 09 30 | DBK01 | CONTINUED |

Screen ID:CVM1036 **Copyrighted** © 2012 - **New Jersey Judiciary**
Session ID: DTNCNP Case Count: 1
BUILD 2012.1.0.02.08 Timer Count down: 294



ACMS Public Access: Case Proceeding List



⬇ Page: 1

MORE ...

| VENUE | : STATEWIDE | COURT : GENL EQUIT | | DOCKET # : ESX C 000286 10 | | | |
|---|---|---|---|---|---|---|---|
| CASE TITLE | : SAINT MICHAELS MEDICAL CENTER INC VS MARK WILLIAM | | | | | | |
| PROCEEDING TYPE | MOTION DOC/TYPE | MOTION STATUS | SESSION DATE | COURT ROOM | PROCEED TIME | JUDGE ID | PROCEEDING STATUS  BY:VIA: |
| TRIAL | | | 04 02 14 | 8THFL | 01 30 | DBK01 | PENDING |
| TRIAL | | | 03 31 14 | 8THFL | 01 30 | DBK01 | PENDING |
| TRIAL | | | 03 26 14 | 8THFL | 01 30 | DBK01 | PENDING |
| TRIAL | | | 03 24 14 | 8THFL | 01 30 | DBK01 | PENDING |
| TRIAL | | | 03 20 14 | 8THFL | 01 30 | DBK01 | CANCEL |
| TRIAL | | | 03 19 14 | 8THFL | 01 30 | DBK01 | CANCEL |
| TRIAL | | | 03 13 14 | 8THFL | 01 30 | DBK01 | RSCHED |
| TRIAL | | | 03 12 14 | 8THFL | 01 30 | DBK01 | CANCEL |
| TRIAL | | | 03 11 14 | 8THFL | 01 30 | DBK01 | CONTINUED |
| MOTION HRG | 199 M99 | GRANTED | 03 07 14 | 8THFL | 09 00 | DBK01 | COMPLETED |

Screen ID:CVM1036 **Copyrighted © 2012 - New Jersey Judiciary**
Session ID: DTNCNP Case Count: 1
BUILD 2012.1.0.02.08 Timer Count down: 286