# THE DWYER LAW FIRM, L.L.C.
17 ACADEMY STREET, SUITE 1201
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

LA TOYA L. BARRETT*
ANGELICA M. CESARIO

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

ATLANTIC CITY AREA OFFICE
CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 230
LINWOOD, NEW JERSEY 08221
(609) 601-6600
(609) 601-6601 (FAX)

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

April 1, 2014

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
   & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

   Re:   Lisa Fisher v. Hon. Francine A. Schott, J.S.C., et al.,
         Civil Action No. 13-5549 (JLL)

Dear Judge Hammer:

   I represent the plaintiff in the above-referenced case. This is an employment case brought under the Family Medical Leave Act, the New Jersey Family Leave Act and the New Jersey Law Against Discrimination.

   Pursuant to the Pretrial Scheduling Order in this case, Paragraph 5, this is a Joint Letter presented regarding a discovery dispute that has arisen between the parties.

A.   **Nature of the Dispute**

   Paragraph 3 of the Pretrial Scheduling Order states that all parties were to serve interrogatories, requests for production of documents, and requests to admit on or before February 7, 2014. All of the parties (the State, Judge Schott and plaintiff) served their interrogatories, document requests and requests to admit on February 7th.

   The Pretrial Scheduling Order does not state, one way or the other, whether supplemental interrogatories, document demands or requests to admit are permitted.

On March 18, 2014, about one week after we had answered all of defendants' discovery demands, counsel for Judge Schott served on us an informal second set of document requests, in the form of a letter. On March 24, 2014, counsel for Judge Schott served a formal second set of document requests.

The issue is whether or not all of the parties are entitled to serve, and are required to respond to, supplemental discovery demands.

**B.    Efforts to Resolve the Dispute**

Plaintiff's counsel contacted defense counsel via email repeatedly, and sought an understanding of whether the defendants were taking the position that all parties would be entitled to serve supplemental discovery demands, and whether all parties would be required to respond to supplemental discovery demands. Eventually, counsel for Judge Schott explained that they believed supplemental document demands should be permitted, but that supplemental interrogatories should not be permitted. Counsel for the State explained that this dispute between plaintiff and counsel for Judge Schott did not concern her or her client as she had not served nor was she served with supplemental discovery demands. In addition, counsel for the State explained that it was her position that requests for the execution of releases were not supplemental demands. Finally, counsel for the State explained that as the State was still in the process of responding to the initial discovery demands, the State was not in a position to address supplemental demands.

**C.    Plaintiff's Position**

Plaintiff is perfectly willing to respond to supplemental discovery demands, as long as they are allowed for all parties. Plaintiff's view is that supplemental document demands, supplemental interrogatories and supplemental requests to admit should be permitted for all parties, if they choose to serve them. With that understanding, plaintiff would have no problem responding to the supplemental document demands served by counsel for Judge Schott.

Plaintiff does not want to be in a position, however, where she is responding to multiple sets of discovery demands, while defendants are retaining the right to object to supplemental discovery demands. We have a legitimate concern based on defendants' conduct thus far. For example, in serving interrogatories counsel for all parties served interrogatories with multiple related subparts, on the theory that related subparts are permitted.

Plaintiff, in fact, answered all of the defendants' interrogatories and all of the subparts, without raising any objection to the fact that the interrogatories included subparts.

However, the defendants have not reciprocated. Counsel for Judge Schott objected to countless interrogatories on the ground that they included subparts, and simply refused to answer them.[1] (The State so far has not bothered to answer plaintiff's interrogatories at all.)

We just don't want that to happen again. We want a fair, even playing field where everyone is playing by the same rules. Either everyone should be permitted to serve supplemental discovery demands, or no one should.

D.  **Defendants' Position**

   1.  **Judge Schott's Position**

After receiving plaintiff's responses to the initial discovery demands, wherein plaintiff identified additional treatment providers, counsel for Judge Schott sent additional HIPPA releases to plaintiff for execution. Plaintiff's counsel took the position that these additional HIPPA releases were the equivalent of supplemental discovery requests and demanded the ability to serve supplemental demands upon Judge Schott and the State. Although counsel for Judge Schott agrees that requests for execution of release are not supplemental discovery requests, counsel nevertheless served formal supplemental discovery requests which also included three additional demands for plaintiff's cell phone bills and copies of credit card and/or bank statements for the time period from November 1, 2012 to January 31, 2013. Counsel for Judge Schott explained to plaintiff's counsel that there is no prohibition set forth in the Pretrial Scheduling Order for service of supplemental document demands amongst the parties, however, supplemental interrogatories would not be permitted because interrogatories were specifically limited to 25. Therefore, counsel for Judge Schott agreed to the exchange of supplemental requests for documents, but not additional interrogatories.

---

[1] The deficiencies in defendants' discovery responses will unfortunately have to be the subject of a different letter to the Court.

2.	The State's Position

Counsel for the State takes no position on this alleged "dispute." Counsel for Judge Schott served supplemental discovery demands upon plaintiff. Plaintiff objected to those demands unless the State agreed to be served with supplemental discovery demands. This dispute does not involve the State. The State has not served nor been served with requests for supplemental demands. Plaintiff's initial discovery demands requested the production of the plaintiff's personnel file. The Judiciary needs a release from plaintiff authorizing the disclosure of plaintiff's confidential personnel file. On March 12, 2014, the State sent plaintiff a release for execution authorizing the disclosure of her confidential Judiciary personnel file and a proposed Discovery Confidentiality Order.[2] It is the State's position that a request for the execution of a release is not a supplemental discovery demand. Finally, as the State is still in the process of responding to the initial discovery demands,[3] the State is not in a position to determine whether supplemental demands are necessary at this point.

E.	Conclusion

The parties are available to discuss the matters presented in this Joint Letter with the Court, if the Court deems that would be appropriate.

Thank you for Your Honor's courtesies.

Respectfully yours,

THE DWYER LAW FIRM, L.L.C.

Andrew Dwyer

Cc:	Susan Scott, DAG (via ECF)
	Marc Z. Edell, Esq. (via ECF)

---

[2] Plaintiff has not returned the signed release authorizing the State to produce her personnel file in response to the discovery demands. On March 25, 2014, almost two weeks later, plaintiff's counsel provided a revised Discovery Confidentiality Order, which has recently been submitted to the Court.
[3] The State requested plaintiff's consent for a first extension of thirty days, to April 8, 2014, to respond to initial discovery demands, to which plaintiff objected.