

**GENOVA BURNS GIANTOMASI WEBSTER**
ATTORNEYS-AT-LAW

Genova Burns Giantomasi Webster LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Newark, NJ | New York, NY | Camden, NJ | Red Bank, NJ | Philadelphia, PA | Jersey City, NJ

William G. Nestor, III, Esq.
Member of NJ and NY Bars
wnestor@genovaburns.com
Direct: 973-230-2083

July 7, 2014

**VIA ECF**

The Honorable Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    **Lisa Fisher v. Hon. Francine A. Schott, et al.
            Civil Action No. 13-cv-5549(JLL)(JAD)**

Dear Judge Hammer:

    This firm represents Defendant, Honorable Francine A. Schott, J.S.C., ("Judge Schott") in the above-captioned matter filed by Plaintiff, Lisa Fisher ("Plaintiff")(collectively, "the parties"). Please accept this correspondence in satisfaction of Judge Schott's respective obligation to submit her legal arguments regarding the parties' outstanding discovery disputes in a "joint letter", pursuant to your Honor's May 28, 2014 Order.

    At the outset, the history of this "joint letter" should be repeated.

    On May 21, 2014, counsel for Judge Schott and counsel for Plaintiff met and conferred in your Honor's chambers regarding the parties' outstanding discovery disputes. On that date, your Honor directed the parties to submit to each other in writing our respective understanding of the outstanding disputes by Wednesday, May 28, 2014; and your Honor Ordered the parties to then submit a "joint letter" itemizing and summarizing such outstanding discovery disputes by Monday, June 9, 2014. **However, counsel for Plaintiff failed to meet the May 28, 2014 deadline.**

    On Wednesday, May 28, 2014, counsel for Plaintiff first indicated that he required an extension of time to submit his client's understanding of the outstanding discovery disputes;

**GENOVA
BURNS
GIANTOMASI
WEBSTER**
ATTORNEYS-AT-LAW

The Honorable Michael A. Hammer, U.S.M.J.
July 7, 2014
Page 2

which extension we readily provided. Thereafter, counsel for Plaintiff requested additional extensions of time; which, again, we readily provided. **However, counsel for Plaintiff failed to meet any of the extended deadlines.**

On June 9, 2014, counsel for Plaintiff requested that your Honor grant yet another extension to submit in writing his client's respective understanding of the outstanding discovery disputes by June 16, 2014; which your Honor granted. **However, counsel for Plaintiff failed to meet that deadline, as well.**

On June 16, 2014, counsel for Plaintiff again requested that your Honor grant another extension to submit in writing his client's respective understanding of the outstanding discovery disputes by June 30, 2014; which your Honor granted. **However, counsel for Plaintiff again failed to meet that deadline.**

To date, counsel for Plaintiff has failed to submit in writing his client's respective understanding of the outstanding discovery disputes.

Throughout this process, counsel for Plaintiff has shown nothing but contempt for the Rules of Civil Procedure, opposing counsel, and this Court's Orders. Counsel for Plaintiff has consistently failed not only to meet critical deadlines, but even to return our correspondence or engage in good-faith efforts to resolve the parties' discovery disputes.

At this juncture, it has become imperative that Judge Schott be given access to highly relevant information contained in Plaintiff's Social Media account(s). While Judge Schott has made several attempts at obtaining this information through written discovery requests supported by well-established case law, Plaintiff has failed to provide same.

In light of the foregoing, Judge Schott respectfully requests that she be granted access to all of the outstanding information contained in Plaintiff's Social Media account(s).

GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

The Honorable Michael A. Hammer, U.S.M.J.
July 7, 2014
Page 3

**Plaintiff's Answer to Judge Schott's Interrogatory No. "15".**

**Judge Schott's Interrogatory No. 15:** Identify all blogs, forums, social media, i.e. Facebook, MySpace, Instagram, Twitter, or any other social network of the like, from November 1, 2012 to the present, that you have subscribed to or otherwise posted to and the screen name under which you posted for each identified site.

**Plaintiff's Response to Interrogatory No. 15:** Plaintiff objects to this interrogatory because it is over broad, unduly burdensome and not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff also objects to this interrogatory because it constitutes an unwarranted invasion of plaintiff's privacy.

**Judge Schott's Position:** Judge Schott is entitled to obtain the identity of each and every blog, forum, social media, i.e. Facebook, MySpace, Instagram, Twitter, or any other social network of the like, from November 1, 2012 to the present, which Plaintiff subscribed to or otherwise posted to and the screen name under which she posted for each identified site. This is a standard discovery request, supported by ample case law, which is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's whereabouts and her alleged medical condition(s) during the aforementioned timeframe are critical issues in this lawsuit. Plaintiff's social media communications are likely to include evidence of Plaintiff's whereabouts and her alleged medical conditions(s). Social media communications are not privileged. Plaintiff does not have any reasonable expectation of privacy in her social media communications.

As a general principle, parties in litigation are entitled to discovery of all relevant, non-privileged information. Fed. R. Civ. P. 26(b)(1). Under the liberally construed discovery rules, "relevant discovery includes any matter that bears on or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Leamer v. Fauver, 2008 U.S. Dist. LEXIS 16898 (D.N.J. 2008) (citing Oppenheimer Funds v. Sanders, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

**GENOVA
BURNS
GIANTOMASI
WEBSTER**
ATTORNEYS-AT-LAW

The Honorable Michael A. Hammer, U.S.M.J.
July 7, 2014
Page 4

Discoverability of social media is governed by this standard analysis and is not subject to any "social media" or "privacy" privilege. Id. By definition, the sole purpose of social media networking is to promote the sharing of information with other persons or entities and the public at large. Therefore, there can be no objectively reasonable expectation of privacy, given that the information posted on social media sites, such as Facebook, Myspace, Twitter, etc. is shared with third parties. Such information is clearly discoverable when relevant. See, e.g., Gatto v. United Air Lines, Inc., 2013 U.S. Dist. LEXIS 41909, 10 (D.N.J. Mar. 25, 2013) (holding that Plaintiff's "Facebook posts, comments, status updates, and other information posted" are "clear[ly]" discoverable, relevant to demonstrate Plaintiff's alleged damages.); McMillen v. Hummingbird Speedway, Inc., 2010 Pa. Dist. & Cnty. Dec. LEXIS 270, 5-6 (Pa. County Ct. 2010) ("Facebook, MySpace, and their ilk are social [media] sites people utilize to connect with friends and meet new people. That is, in fact, their purpose, and they do not bill themselves as anything else. Thus, while it is conceivable that a person could use them as forums to divulge and seek advice on personal and private matters, it would be unrealistic to expect that such disclosures would be considered confidential."); Beye v. Horizon Blue Cross Blue Shield, 568 F. Supp. 2d 556 (D.N.J. 2006) (ordering the plaintiffs to produce any writings that related to their alleged disability, including entries on social media sites, such as Facebook or MySpace); Romano v Steelcase Inc., 907 N.Y.S.2d 650, 656 (N.Y. Sup. Ct. 2010) (granting the defendant "access to plaintiff's current and historical Facebook and MySpace pages and accounts, including all deleted pages and related information . . . ".); Simply Storage Mgmt., 2010 U.S. Dist. LEXIS 52766 (requiring the claimants to produce their entire social media profiles in response to the defendant's discovery request); Ledbetter v. Wal-Mart Stores, Inc., No. 06-1958, 2009 U.S. Dist. LEXIS 126859 (D. Colo. Apr. 21, 2009) (denying the plaintiff's motion for a protective order with respect to discovery of information on her social media profiles marked as private); Mackelprang v. Fidelity Nat'l Title Agency of Nev., Inc., No. 06-00788-JCM-GWF, 2007 U.S. LEXIS 2379 (D. Nev. Jan. 9, 2007) (ordering the plaintiff to produce private Facebook messages if they related

**GENOVA
BURNS
GIANTOMASI
WEBSTER**
ATTORNEYS-AT-LAW

The Honorable Michael A. Hammer, U.S.M.J.
July 7, 2014
Page 5

to her claims or damages). In light of the foregoing, Plaintiff's objections are, simply, meritless.

**Plaintiff's Position:** [Failed/Refused to provide.]

### Plaintiff's Response to Judge Schott's Request for Production of Documents No. "78".

**Judge Schott's Request No. 78:** All photographs or videos posted by you or anyone on your behalf on any blog, forum or social media, i.e. Facebook, MySpace, Twitter, Instagram or any other social network of the like, from November 1, 2012 to the present.

**Plaintiff's Response to Request No. 78:** Objection. This request is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of relevant evidence. This request also constitutes an unwarranted invasion of privacy. There is no limitation in this request to documents that somehow relate to this lawsuit. Notwithstanding these objections, and without waiving same, plaintiff directs defendant's attention to Documents P63-P64.

**Judge Schott's Position:** [See "Judge Schott's Position" regarding Judge Schott's Interrogatory No. 15, supra.]

**Plaintiff's Position:** [Failed/Refused to provide.]

### Plaintiff's Response to Judge Schott's Request for Production of Documents No. "79".

**Judge Schott's Request No. 79:** Electronic copies of your complete profile on Facebook, MySpace, Twitter, Instagram or any other social network of the like (including all updates, changes, or modifications to your profile) and all status updates, messages, wall comments, causes joined, groups joined, activity streams, blog entries, details, blurbs, comments, and applications, for the period from November 1, 2012 to the present. To the extent electronic copies are not available, please provide documents in hard copy form.

**GENOVA
BURNS
GIANTOMASI
WEBSTER**
ATTORNEYS-AT-LAW

The Honorable Michael A. Hammer, U.S.M.J.
July 7, 2014
Page 6

**Plaintiff's Response to Request No. 79:** Objection. This request is overbroad, unduly burdensome and is not reasonably calculated to lead to the discovery of relevant evidence. This request also constitutes an unwarranted invasion of privacy. There is no limitation in this request to documents that somehow relate to this lawsuit.

**Judge Schott's Position:** [See "Judge Schott's Position" regarding Judge Schott's Interrogatory No. 15, supra.]

**Plaintiff's Position:** [Failed/Refused to provide.]

We thank Your Honor for your time and consideration. Should the Court require anything further, please do not hesitate to contact me.

Respectfully Submitted,

**GENOVA BURNS GIANTOMASI WEBSTER LLC**

WILLIAM G. NESTOR, III

c:  Andrew Dwyer, Esq. (via ECF)
    Susan M. Scott, Esq., Deputy Attorney General (via ECF)