# THE DWYER LAW FIRM, L.L.C.

17 ACADEMY STREET, SUITE 1201
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

LA TOYA L. BARRETT*
ANGELICA M. CESARIO*

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

ATLANTIC CITY AREA OFFICE
CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 230
LINWOOD, NEW JERSEY 08221
(609) 601-6600
(609) 601-6601 (FAX)

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

August 25, 2014

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
    & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

> Re:  <u>Lisa Fisher v. Hon. Francine A. Schott, J.S.C., et al.</u>,
>      Civil Action No. 13-5549 (ES) (MAH)

Dear Judge Hammer:

This office represents the plaintiff in the above-referenced case. This is an employment case brought under the Family Medical Leave Act, the New Jersey Family Leave Act, and the New Jersey Law Against Discrimination.

I am writing regarding a discovery issue that has arisen. Because the discovery issue could result in the unwarranted disclosure of my client's private financial information, I am afraid this issue is time sensitive.

Defendant the Hon. Francine A. Schott, J.S.C. has issued two subpoenas. One is to Santander Bank, which maintains a bank account both for my client and her husband. The other is to JP Morgan Chase, which holds the mortgage to the house owned by my client and her husband. Each subpoena basically seeks every record imaginable for the period from August 1, 2012 to December 31, 2012. I am advised that the recipients of the two subpoenas could release the documents in question as early as *tomorrow*.

I object to the subpoenas as constituting an unwarranted invasion of privacy, both for my client and for my client's husband. My client's husband is *not* a party to this case. Given the time period reflected on the two subpoenas, my understanding is that defendant Schott believes this has

Hon. Michael A. Hammer, U.S.M.J.
August 25, 2014
Page 2 of 3

something to do with my client's whereabouts during the last five months of 2012. Even if that is the purpose of the subpoenas, they are grotesquely overbroad, and any pertinent information can be obtained by much less intrusive means. I note that defendant Schott has already deployed a variety of measures to establish my client's whereabouts during this time period. She does not need to invade my client's financial privacy, and certainly does not need to invade the financial privacy of my client's husband. See Harmon v. Great Atlantic & Pacific Tea Co., 273 N.J. Super. 552, 558-59 (App. Div. 1994) (barring discovery of bank statements, credit card bills and other financial records in discrimination case).

I should also note that the issue of defendant Schott's access to my client's financial records is **already before the Court**. This issue was presented to the Court in the parties' Joint Letter regarding outstanding discovery issues. See Letter of Kathleen Barnett Einhorn to Hon. Michael A. Hammer, U.S.M.J., at page 24 (dated Aug. 11, 2014). Your Honor has not yet ruled on this issue, so this is an unresolved discovery dispute, already pending before the Court. I am disturbed, therefore, that defendant Schott is basically seeking to moot out this dispute by issuing these subpoenas after the Joint Letter was submitted to the Court, but before Your Honor has ruled.

I reached out to defense counsel to try to resolve our objections over the subpoenas, contacting William Nestor (who is the attorney who emailed me the subpoenas). I spoke with him on the phone and explained my concerns. I asked that we either try to work out the issue by agreement, or submit a joint letter. Failing that, I asked that they agree to hold the subpoenas in abeyance, rather than have the private financial information disclosed before the court can consider the issue.

As I understand defense counsel's position, they are not prepared to discuss this issue with me today. The problem, however, is that it is possible that the recipients of the subpoenas may produce documents as early as tomorrow.

I am simply asking that the Court order that the subpoenas be held in abeyance until the parties can resolve the issue, or present the issue via a joint letter to the Court, so that the privacy of my client and her husband is not irreparably harmed.

Hon. Michael A. Hammer, U.S.M.J.
August 25, 2014
Page 3 of 3

    Thank you for Your Honor's courtesies.

                                  Very truly yours,

                                  THE DWYER LAW FIRM, L.L.C.

                                  Andrew Dwyer

cc:    Lisa Fisher
       William Nestor (via ECF)
       Susan M. Scott (via ECF)