# THE DWYER LAW FIRM, L.L.C.

17 ACADEMY STREET, SUITE 1201
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

LA TOYA L. BARRETT*
ANGELICA M. CESARIO*

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

ATLANTIC CITY AREA OFFICE
CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 230
LINWOOD, NEW JERSEY 08221
(609) 601-6600
(609) 601-6601 (FAX)

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

August 28, 2014

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
  & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

  Re: <u>Lisa Fisher v. Hon. Francine A. Schott, J.S.C., et al.,</u>
     <u>Civil Action No. 13-5549 (ES) (MAH)</u>

Dear Judge Hammer:

  This office represents the plaintiff in the above-referenced case. This is an employment case brought under the Family Medical Leave Act, the New Jersey Family Leave Act, and the New Jersey Law Against Discrimination.

  I am writing regarding two serious, urgent concerns about the above-referenced case.

  First, we now have a complete breakdown in communications between attorneys in this case. Yesterday, while returning from a trip to Massachusetts to take my youngest child to college, I had a pre-arranged telephone call with defense counsel Kathleen Barnett Einhorn. The purpose of the call was to discuss our dispute over defendant Schott's discovery subpoenas sent to Santander Bank and JP Morgan Chase. The idea was to either narrow the scope of the dispute, or resolve the dispute entirely.

  Very quickly during the call Ms. Einhorn repeatedly attempted to bully me, simply interrupting me and talking over me. When I would not agree with what she was saying, she literally started screaming at me on the phone. I calmly and repeatedly asked her to stop yelling at me, and she would not. I said that if she kept yelling at me, I would terminate the call. She said she

would not lower her voice, and kept yelling at me. At that point, I terminated the call.

I was completely floored and, frankly, somewhat shaken by this conversation. As Your Honor doubtless knows, such abusive, bullying behavior is prohibited by the Rules of Professional Conduct. See RPC 3.2 and 8.4(d); Matter fo Vincenti, 114 N.J. 275, 283 (1989) ("[l]oud, abusive and profane language" prohibited by RPC).

I was so upset by this conversation that I called Angelo Genova, another partner assigned to the case. I could not reach him and left a message for him. I also called one of the associates assigned to the case, William Nestor. I was told he was also "unavailable" and thus I left another message for him. Neither gentleman called me back.

Later in the day, I received an email from Ms. Einhorn, in which she indicated she had been told about my attempt to reach Mr. Genova, and she actually told me that Mr. Genova would not talk to me about anything related to the case, and that I could only communicate through her. Given that Mr. Genova and I had communicated previously about the case, and given that, as far as I knew, the communications were civil, I was shocked to hear this. I simply cannot believe that a partner would refuse to speak with opposing counsel, when there is a concern raised about a breakdown in communications.

I also never heard back from Mr. Nestor, and I strongly suspect Mr. Nestor has been prohibited from speaking with me on the phone, as of this week. Candidly, I got along very well with Mr. Nestor when the case was previously being handled by Marc Edell. If my guess is correct that Mr. Nestor is prohibited from speaking with me, I find that incredible.

I respectfully submit that while it is understandable that the Court wants the parties to "meet and confer" to resolve discovery disputes, that process is doomed to failure if one of the parties is abusive and/or not acting in good faith. I also respectfully submit that I should not be required to deal with an attorney who yells and screams at me.

The second issue is that I have reason to believe that despite the fact that we have an unresolved dispute over the scope of the subpoenas to Santander Bank and JP Morgan Chase, defense counsel is apparently planning to enforce the subpoenas anyway, and is planning to obtain immediately confidential, private financial records concerning my client, **and**

**her husband**, despite the fact that I have raised objections to this discovery, and despite the fact that Your Honor has not ruled on my objections. As I have indicated before, once defense counsel obtains these disputed records, the damage to my client's privacy, and to her husband's privacy, will be irreparable.

Therefore, I am asking Your Honor for two things. First, and most urgently, I am asking that defense counsel be prohibited from taking any steps to obtain any records from Santander Bank and/or JP Morgan Chase, until further order of the court. I note that on Tuesday, Ms. Einhorn represented to the court that she would advise the targets of the subpoenas to produce no documents until September 3rd. Based on her last email to me, however, it appears she is reneging on that promise, and plans to seek the records immediately and unilaterally, thus undermining and bypassing the authority of this Court. I also ask that the Court specifically instruct Ms. Einhorn (a) to copy me on all communications with the targets of the subpoenas, and (b) to specifically and affirmatively advise Santander Bank and JP Morgan Chase to produce no documents until further order of the Court.

Second, I am requesting that Your Honor bring counsel into Court for an in person appearance. Any hope of resolving this case amicably, and any hope of merely litigating this case in a professional manner, is being destroyed. I believe a reminder needs to be delivered that attorneys have to treat each other with courtesy and respect, and cannot under any circumstances yell and scream at each other. This case is spinning wildly out of control and needs the Court's intervention.

I have to bring my oldest child to college this afternoon in upstate New York, so I will be on the road for most of the balance of the day. If the Court needs to reach out to me, therefore, I would be grateful if your staff would contact me on my cell, which is (973) 460-0450.

Hon. Michael A. Hammer, U.S.M.J.
August 28, 2014
Page 4 of 4

       Thank you for Your Honor's courtesies.

                        Very truly yours,

                        THE DWYER LAW FIRM, L.L.C.

                        Andrew Dwyer

cc:   Lisa Fisher
      William Nestor (via ECF)
      Susan M. Scott (via ECF)
      Kathleen Barnett Einhorn (via ECF)
      Angelo Genova (via ECF)