

Genova Burns Giantomasi Webster LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Newark, NJ | New York, NY | Camden, NJ | Red Bank, NJ | Philadelphia, PA | Jersey City, NJ

Kathleen Barnett Einhorn, Esq.
Partner
Member of NJ and NY Bars
keinhorn@genovaburns.com
Direct: 973-535-7115

September 23, 2014

**VIA ECF**
The Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

    Re:    Lisa Fisher v. Hon. Francine A. Schott, et al.
           Civil Action No. 13-cv-5549(ES)(MAH)

Dear Judge Hammer:

As Your Honor is aware, this firm represents defendant The Hon. Francine A. Schott, J.S.C. ("Judge Schott") in this matter. In accordance with Your Honor's September 10, 2014 Order, the parties submit this Joint Letter with respect to outstanding discovery.

**Plaintiff's Deficiencies and Outstanding Discovery Due to Judge Schott**

**1. Plaintiff's Responses to Judge Schott's Second Request for Production of Documents Nos. 2 and 3:** Plaintiff has refused to produce "any and all bank card, debit card, and credit card statements for Lisa Fisher, or jointly issued in Lisa Fisher's name" for the period of December 10, 2012 through December 26, 2012 and from November 1, 2012 to January 31, 2013 citing Harmon v. Great Atlantic & Pacific Tea Co., 273 N.J. Super. 552 (App. Div. 1994) for the proposition that these Requests are an unwarranted invasion of Plaintiff's privacy. Harmon is inapplicable as Judge Schott is seeking Plaintiff's credit card records to determine Plaintiff's location during her FMLA leave as well as her activity which relates to her stress and anxiety claims. Judge Schott has agreed that any information other than the date, time, and location of Plaintiff's transactions can be redacted from the records.

Judge Schott's demand is reasonably calculated to lead to the discovery of admissible evidence and is not an unwarranted invasion of Plaintiff's privacy.

**Plaintiff Fisher's Position**. According to this Court's Order dated August 14, 2014, the only relevant dates concerning plaintiff's physical location are: November 5 through 13, 2012 and December 10 through 26, 2012. Therefore, the temporal scope of the request is substantially overbroad. As for defendant's claim that she should have unfettered access to plaintiff's financial records because it *might* show something about plaintiff's emotional distress, this is a fishing expedition pure and simple, and defendant's position *is exactly the same as the position rejected by the Court* in Harmon v. Great Atlantic & Pacific Tea Co., 273 N.J. Super. 552 (App. Div. 1994). Defendant cites no contrary authority.

**2.      Plaintiff's Failure to Execute HIPAA Authorizations:** Plaintiff refuses to execute HIPAA Authorizations for the release of Plaintiff's medical records prior to November 1, 2011 from healthcare providers Newark Beth Israel Medical Center, Arthur C. Rothman, M.D., Ph.D. (Neurologist) and Yvonne Wright-Cadet, M.D. (OB/GYN). Plaintiff's stress and anxiety is well documented prior to 2011 in a leave of absence for "depressed mood and anxiety" in 2008. Thus, Plaintiff's medical records prior to November 1, 2011 are likely to lead to the discovery of admissible evidence as Plaintiff has clearly put her physical, emotional, mental and psychological condition at issue in this case. Moreover, while Plaintiff executed a HIPAA for the release of her prescription records from Walmart located in Union, New Jersey, Judge Schott requests a release for all of Plaintiff's Walmart Pharmacy records. Plaintiff claims to "[t]he best of [her] recollection" she filled all of her prescriptions at the Walmart in Union, however those records reflect missing prescription records from 2009 as well as large gaps in time through 2012. Thus, a HIPAA Authorization for all Walmart Pharmacies is required to ascertain Plaintiff's full prescription records. There is no reasonable defense to this request.

**Plaintiff Fisher's Position**. Defendant Schott already has a wealth of information concerning plaintiff's medical history, including records from all of her treatment providers from 2012

(before she went on leave) to the present.  Plaintiff has given defendants access to her medical records going back to November 1, 2011 – or 15 months before plaintiff went on leave. Defendant also has a variety of other information (e.g., social media discovery) related to emotional distress.  Defendant can also depose plaintiff as well as her treatment providers. Significantly, *defendant herself agreed that November 1, 2011 to the present was the proper time frame, because that was the time frame of her discovery demand* (Schott Interrogatories Nos. 10 and 11).  So defendant Schott is improperly attempting to dramatically expand the scope of her discovery demand, to go back as far as 2004.  (For the same reason, the complaint about the pharmacy records is misplaced.  Plaintiff produced what she was asked to produce – releases allowing defendant to get pharmacy records going back to November 1, 2011.)  Just because a plaintiff alleges emotional distress, it does not follow that defendant is entitled to plaintiff's entire medical history for her whole life.  Courts correctly limit the scope of discovery to a period of time related to the emotional distress.  See, e.g., Fox v. Gates Corp., 179 F.R.D. 303, 306-07 (D. Colo. 1998) (discovery of medical records limited to time period where plaintiff experienced emotional distress due to defendant's actions); Bottomly v. Leucadia National, 163 F.R.D. 617, 619, 621-22 (D. Utah 1995).  Plaintiff has already produced that discovery.

**3.     Subpoena Duces Tecum to Spelman College:** On or about June 16, 2014, a Subpoena Duces Tecum to Spelman College was served for enrollment verification, billing and financial aid records, including all charges accrued and paid, pertaining to Plaintiff's daughter, Stephanie Fisher.  The Subpoena was originally returnable on July 10, 2014.  Plaintiff did not object to the Subpoena.  On September 5, 2014, an Amended Subpoena was served to identify a location in Georgia where the documents could be produced.  For the first time, Plaintiff now objects to the Subpoena citing Harmon.  While New Jersey courts acknowledge that a "privacy interest" exists with respect to financial records, that interest does not necessarily "rise[] to a level that wholly bars discovery."  Harmon, 273 N.J. Super. at 559.  Here, Judge Schott seeks the production of enrollment verification and billing and financial aid records

related to Plaintiff's daughter in connection with Plaintiff's emotional distress claim as the defense believes that Plaintiff's inability to pay for her daughter's tuition would have contributed to any stress and anxiety she was experiencing. In this case, the records sought are not overly broad and unfocused and less intrusive inquiries are not available to Judge Schott unlike in Harmon case. Also, this Court need not make a determination at this time regarding the ultimate admissibility of the documents and information requested from Spelman. See, e.g., EEOC v. Princeton Healthcare Sys., 2012 U.S. Dist. LEXIS 65115, *70-71 (D.N.J. May 9, 2012). Furthermore, any claim by Plaintiff of privacy is unwarranted as the parties already have a Protective Order in place.

**Plaintiff Fisher's Position**. This is a grotesque invasion of the privacy of plaintiff's daughter, who is not a party to this case. Defendant has zero evidence that plaintiff's daughter's college education caused plaintiff any emotional distress whatsoever. This is yet another fishing expedition, in defendant Schott's relentless Javert-like pursuit of plaintiff. Before this Court allows a sickening invasion of privacy and harassment of plaintiff's daughter, defendant Schott should be required to come up with some evidence that this has anything to do with plaintiff's emotional distress. She has none.

### Judge Schott's Deficiencies and Outstanding Discovery Due to Plaintiff

**1.    Investigator:**  Defendant Schott hired a private investigator to gather evidence in this litigation. We have sought discovery related to this (and any other) investigation (Document Request ("DR") 14 and Interrogatory ("INT") 5). Defendant Schott refuses to provide this discovery on grounds of privilege.

**Judge Schott's Position**: Judge Schott advised Plaintiff during the Meet and Confer that an investigator was retained by counsel for the purpose of interviewing a representative of Bloomfield Automotive Repairs. Reports prepared by a private investigator at the direction of counsel are protected as attorney work product. Dempsey v. Bucknell Univ., 296 F.R.D. 323, 329 (M.D. Pa. 2013) (holding that "an attorney's notes or memoranda reflecting his or her recollection or impression of witness interviews constitute opinion work product...this is true

also of notes or memoranda prepared by a private investigator or other agent of an attorney") (internal citations omitted); see also In re Hughes, 633 F.2d 282, 291 (3d. Cir. 1980).

2.      **Decision to remove Plaintiff as Schott's secretary:**  Defendant Schott has refused to identify all documents (e.g., notes) related to the decision to removed Plaintiff as her secretary (DR 39).

**Judge Schott's Position**: This Request is identical to DR 38. Judge Schott has identified all documents in her possession and/or control related to the decision to remove plaintiff as her secretary and is thus her response to DR 39 is fully responsive.

3.      **Failure to identify responsive documents:**  In response to several document demands, defendant Schott has simply referred to all documents in the case, without any effort to identify which documents are responsive.  This is true for Document Requests 8, 11, 22, 35, 36, 53, 55 and 56.

**Judge Schott's Position**: Although the Federal Rules do not require that we identify by Bates Stamp number each and every document responsive to Plaintiff's demands, counsel opted to do so at the Meet and Confer and, in fact, specific documents were identified in response to the majority of Plaintiff's requests. For these Requests, Judge Schott is relying on all documents produced and to be produced by all parties and all documents produced by third parties pursuant to subpoenas.  This is a proper response.

4.      **Documents regarding Plaintiff:**  Defendant Schott refuses to identify any personnel file she maintained on plaintiff, or any other documents she maintained regarding plaintiff's work history or performance (DR 23 and 31).

**Judge Schott's Position**: Judge Schott responded to DR 23 and 31 by stating that she has no documents responsive to these requests.

5.      **Defendant Schott's personnel file:**  Defendant Schott refuses to produce her own personnel file (DR 48).

**Judge Schott's Position**: Plaintiff's demand for the disclosure of Judge Schott's entire confidential personnel file (which is the possession of the State) is grossly overbroad and not

reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's demand is nothing more than a "fishing expedition precluded by the rule of proportionality." Prof'l Recovery Servs. v. GE Capital Corp., 2009 U.S. Dist. LEXIS 3889, at *13 (D.N.J. Jan. 15, 2009) (internal citations omitted) (holding that "personnel files, even of a party's agent, may contain information that is both private and irrelevant to the case, and that special care must be taken before personnel files are turned over to an adverse party."). Judge Schott was appointed to the Superior Court in 1992. Plaintiff has not, and cannot, articulate how Judge Schott's entire personnel file could possibly be relevant to the allegations in this case. The subject discovery request appears to be made for the purpose of harassment and fishing into Judge Schott's personal information and has no connection to the underlying litigation.

6. **Other litigation involving defendant Schott:** Defendant Schott refuses to produce documents regarding other litigation in which she has been involved (DR 50; INT 17). **Judge Schott's Position**: Judge Schott maintains her objection in that DR 50 and INT 17 is neither relevant to the subject matter of the instant action nor reasonably calculated to lead to the discovery of admissible evidence, is overbroad as to time and/or in scope and is designed to be harassing. Plaintiff is not entitled to discovery concerning any litigation to which Judge Schott has been a party. See McClain v. Mack Trucks, 85 F.R.D. 53, 62 (E.D. Pa. 1979) Moreover, other than the instant case, Judge Schott has not been a defendant in any other litigation involving allegations of harassment and/or discrimination.

7. **Documents related to Patricia Yenkosky:** Ms. Yenkosky was defendant Schott's secretary prior to plaintiff. We believe Ms. Yenkosky experienced similar problems with defendant Schott, namely, that she was harassed and eventually forced out of her job for taking an approved medical leave. We have sought documents related to Ms. Yenkosky's employment, and defendant Schott has refused to provide them (DR 58). There is a wealth of authority that permits the plaintiff to obtain discovery of similar instances of discrimination or harassment involving the same defendant and other employees. See Rendine v. Pantzer, 276 N.J. Super. 398, 426-27 (App. Div. 1994), aff'd, 141 N.J. 292 (1995); Abrams v. Lightolier,

Inc., 50 F.3d 1204, 1214-15 (3d Cir. 1995); Estes v. Dick Smith Ford, Inc., 856 F.2d 1097, 1103 (8th Cir. 1988); Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1086 (3d Cir. 1996); Heyne v. Caruso, 69 F.3d 1475, 1479-81 (9th Cir. 1995); Phillip v. ANR Freight Systems, Inc., 945 F.2d 1045, 1056 (8th Cir. 1991); Hawkins v. Hennepin Technical Center, 900 F.2d 153, 155-56 (8th Cir. 1990); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1423-24 (7th Cir. 1986); Phillips v. Smalley Maintenance Services, Inc., 711 F.2d 1524, 1532 (11th Cir. 1983); Morris v. Washington Metropolitan Area Transit Authority, 702 F.2d 1037, 1045-47 (D.C. Cir. 1983).

**Judge Schott's Position**: Judge Schott maintains her objection to this Request. Ms. Yenkosky resigned as Judge Schott's secretary in November 2010 and did not file a complaint against Judge Schott either during or after her employment as Judge Schott's secretary. As such, there are no "similar instances of discrimination or harassment." Furthermore, to Judge Schott's knowledge, Ms. Yenosky was not provided with approved medical leave by the State. Thus, Plaintiff has made no showing of any similarity of the circumstances between the Plaintiff and Ms. Yenkosky to warrant this irrelevant discovery. Sprint/United Management Co. v. Mendelsohn, 552 U.S. 379, 388 (2008).

**8.     Failure to answer standard interrogatories:**  Defendant Schott has refused to answer several standard interrogatories: INT 4 (identifying documents and communications regarding case); INT 10 (asking for defendant Schott's version of events); INT 19 (asking for factual bases for defendant Schott's affirmative defenses).

**Judge Schott's Position**: INT 4 and 10 are improper Interrogatories as they are overly broad in that Plaintiff requests all communications and/or documents regarding any matter or communication including, but not limited to, parties and non-parties in this case which cannot be reasonably responded to. INT 4 and 10 also violate FRCP 33(a)(1) and the Pretrial Scheduling Order. As for INT 19, Judge Schott's Answer to the Amended Complaint contains 24 Affirmative Defenses. As such, INT 19 contains 24 separate Interrogatory questions in violation of Federal Rule of Civil Procedure 33(a)(1) and the Pretrial Scheduling Order.

**9.      Incomplete answers to certain interrogatories:**  Defendant Schott has failed to provide complete answers to certain interrogatories: INT 2 (failing to state whether identified persons with knowledge have been convicted of a crime or engaged in acts of dishonesty); INT 6 (failing to identify all the terms and conditions of plaintiff's employment as defendant Schott's secretary); INT 8 and 15 (failing to identify all of plaintiff's alleged performance deficiencies).

**Judge Schott's Position**: Judge Schott responded to Plaintiff's INT 8 and 15. Judge Schott also responded to INT 2 and stated that she has never been convicted of a crime and has no knowledge if "every other person with knowledge" in this case has been convicted of a crime. Judge Schott has also provided fully responsive answers to INT 6, 8 and 15.

**10.     Folder found on plaintiff's desk:**  Defendant Schott identified a folder of information that was found on plaintiff's desk after she was removed as defendant's secretary, but she has not produced it, and to the extent it is being withheld, she has not provided a privilege log for its non-production (INT 24).

**Judge Schott's Response**: Judge Schott is not in possession of the folder of information that was found on Plaintiff's desk after she was removed as Judge Schott's secretary.  The folder was provided to the State. Thus, no privilege log is required.

**11.     Failure to provide proper responses to requests to admit:**

a.      Defendant Schott refused to provide responses to several Request to Admit ("RA") based on an alleged lack of knowledge, but failed to state whether she made a reasonable inquiry, as required by Rule 36(a)(4). This applies to Requests to Admit 2, 3, 4, 9, 10, 12, 16, 17, 19, 30, 55, 56, 58, 59, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79 and 80.

b.      Defendant Schott refused to admit or deny certain requests to admit: RA 8 (whether defendant Schott had the ability to supervise plaintiff's employment, impose discipline and remove plaintiff); RA 11 (whether defendant Schott acted in the interests of the employer); RA 63 (whether defendant Schott was aware plaintiff was on an approved FMLA leave); RA 81 (whether defendant Schott's actions toward plaintiff were taken in her capacity as plaintiff's

supervisor).

c.     Defendant Schott denied several requests "as stated" or "as phrased," without saying which aspect of the request was being denied or admitted, as required by Rule 36(a)(4): RA 34, 35, 36, 37, 47 and 54.

**Judge Schott's Response**: Judge Schott maintains her objection that she provided fully sufficient and responsive answers to each of Plaintiff's Requests for Admission except for Request for Admission Nos. 11, 63 and 8 which call for legal conclusions. Requests for Admission calling for conclusions of law and relating to facts of the case are "properly objectionable" when they call "for a conclusion of one of the ultimate issues in the case." Ghaxerian v. The United States of America, No. 89-8900, 1991 WL 30764, at * 2 (E.D. Pa. Mar. 5, 1991). Rule 36 is not a discovery device, but rather "a procedure for obtaining admissions for the record of facts already known." Id. at *1 (citations omitted). Thus, these Requests unacceptably call for legal conclusions relating to the legal authority of the parties to this action. These types of conclusions of law go to the heart of this case, and thus they are the proper basis for objection. Thus, Judge Schott's objections were proper.

We thank Your Honor for your time and consideration in assisting the parties with respect to the foregoing outstanding discovery disputes. Should the Court require anything further, please do not hesitate to contact me directly.

        Respectfully Submitted,

        **GENOVA BURNS GIANTOMASI WEBSTER LLC**

        /s/ Kathleen Barnett Einhorn

        KATHLEEN BARNETT EINHORN

KBE/cr

c:     Andrew Dwyer, Esq. (via ECF)
      Susan M. Scott, Esq., Deputy Attorney General (via ECF)
      Angelo J. Genova, Esq. (via ECF)