

GENOVA
BURNS
GIANTOMASI
WEBSTER
ATTORNEYS-AT-LAW

Genova Burns Giantomasi Webster LLC
494 Broad Street, Newark, NJ 07102
Tel: 973.533.0777  Fax: 973.533.1112
Web: www.genovaburns.com

Newark, NJ | New York, NY | Camden, NJ | Red Bank, NJ | Philadelphia, PA | Jersey City, NJ

Kathleen Barnett Einhorn, Esq.
Partner
Member of NJ and NY Bars
keinhorn@genovaburns.com
Direct: 973-535-7115

November 13, 2014

**VIA ECF**
The Honorable Michael A. Hammer, U.S.M.J.
United States District Court, District of New Jersey
Martin Luther King Building and U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

      Re:    **Lisa Fisher v. Hon. Francine A. Schott, et al.**
              **Civil Action No. 13-cv-5549(ES)(MAH)**

Dear Judge Hammer:

      As Your Honor is aware, this firm represents defendant The Hon. Francine A. Schott,

J.S.C. ("Judge Schott") in this matter. In accordance with Your Honor's October 31, 2014

Order, the parties submit this revised Joint Letter with respect to outstanding discovery.

Additionally, in accordance with the Order, we have also provided Mr. Dwyer with a list of

the docket numbers and venue, to the extent known, of the prior litigations in which Judge

Schott was named as a party.

<u>**Plaintiff's Outstanding Discovery Due to Judge Schott**</u>

      **1.**      <u>**Outstanding HIPAA Requests:**</u> We still await receipt of executed HIPAA

Authorizations healthcare providers Newark Beth Israel Medical Center, Arthur C. Rothman,

M.D. (Neurologist) and Yvonne Wright-Cadet, M.D. (OB/GYN), as well as an executed

HIPAA Authorization for the release of her prescription records for all of Plaintiff's Walmart

Pharmacy records.  Plaintiff must also identify the mental health professional(s) who provided

her with counseling during her 2008 leave of absence, and must provide an executed HIPAA

authorization for same.

The Honorable Michael A. Hammer, U.S.M.J.
November 13, 2014
Page 2

       **2.**    **E-Discovery:** The parties agreed to exchange e-discovery on October 10, 2014. You advised that Plaintiff has no responsive e-discovery but agreed to identify, in writing, what steps, if any, have been taken to obtain Plaintiff's deleted data from her cellular phone. In addition, we await the identification of an expert who will provide a report detailing the expert's examination of the data from Plaintiff's cellular phone, including any deleted text messages. Be advised that Judge Schott objects to Plaintiff utilizing Judge Schott's forensic expert in this case, Kroll Ontrack, to retrieve Plaintiff's deleted data.

       **3.**    **Certification Regarding Credit and Debit Cards**: We await written confirmation that Plaintiff has no other credit cards, bank cards, or charge cards, other than those associated with her:   1) Bank of America account with Stephen Fisher; 2) Bank of America account with Stephanie Fisher; and 3) Santander account with Steven Fisher.

       **4**.    **Disability Documents Related to Any Leave**: Plaintiff has taken multiple leaves throughout the course of her employment with the State of New Jersey, including, as discussed *supra*, a leave in 2008 for "depressed mood and anxiety." Please confirm that Plaintiff has provided any and all documents in Plaintiff's position related to any disability leave taken from 2008 to Present.

       **5**.    **Certification Regarding Social Media Spoliation**: At the October 28, 2014 conference with Judge Hammer, Plaintiff's counsel represented on the record that Plaintiff deleted content from her social media profiles after meeting with Judge Schott in January of 2013.  Judge Schott requests that Plaintiff provide a written confirmation that she deleted social media content after meeting with Judge Schott in January of 2013 and provide a detailed account of the specific social media content that was deleted.

The Honorable Michael A. Hammer, U.S.M.J.
November 13, 2014
Page 3

### Judge Schott's Deficiencies and Outstanding Discovery Due to Plaintiff

1.      **Interrogatory No. 5 and Document Request No. 14**.   These discovery requests seek information and documents about any investigation concerning the allegations in the complaint.   Defendant Schott did conduct such an investigation and hired a private investigator, but she has refused to provide any information about the investigation (even the identity of the investigator).

**Judge Schott's Position:**   Judge Schott has previously advised Plaintiff that an investigator was retained by her counsel for the purpose of interviewing a representative of Bloomfield Automotive Repairs.   Communications with the investigator are protected from disclosure by the attorney work product doctrine.   Reports prepared by a private investigator at the direction of counsel are protected as attorney work product.   Dempsey v. Bucknell Univ., 296 F.R.D. 323, 329 (M.D. Pa. 2013) (holding that "an attorney's notes or memoranda reflecting his or her recollection or impression of witness interviews constitute opinion work product...this is true also of notes or memoranda prepared by a private investigator or other agent of an attorney") (internal citations omitted); see also In re Hughes, 633 F.2d 282, 291 (3d Cir. 1980). In any event, Plaintiff is not prejudiced since Judge Schott's counsel subpoenaed Bloomfield Automotive Repairs and the documents produced in response to the subpoena were produced to Plaintiff in discovery.

2.      **Interrogatory No. 8**:  This seeks information about plaintiff's performance, and in particular, about any alleged performance deficiencies.   Defendant Schott identified two instances of alleged performance deficiencies, but never states whether this is a complete list. Defendant Schott has agreed to provide an amended response that identifies all known performance deficiencies, but we are still waiting to receive that amended response.

The Honorable Michael A. Hammer, U.S.M.J.
November 13, 2014
Page 4

      **Judge Schott's Position:**  Judge Schott's request for Plaintiff's transfer was not about Plaintiff's secretarial skills per se.  When Plaintiff was hired as Judge Schott's secretary Judge Schott knew that Plaintiff did not have the best secretarial skills.  Judge Schott hired Plaintiff because Plaintiff was professionally pleasant to the attorneys and Judge Schott believed at that time that Plaintiff was dependable and reliable and could be trusted. Judge Schott requested Plaintiff's transfer out of the position of secretary when Judge Schott no longer believed the latter was true.  Plaintiff has been provided with discovery setting forth the above.   In this context the request that Judge Schott attempt to recall every typographical, scheduling, communication and/or other error made by Plaintiff is not a request for relevant information, cannot lead to the discovery of admissible information and is intended to harass.

      We thank Your Honor for your time and consideration in assisting the parties with respect to the foregoing outstanding discovery disputes. Should the Court require anything further, please do not hesitate to contact me directly.

                  Respectfully Submitted,

                  **GENOVA BURNS GIANTOMASI WEBSTER LLC**

                  /s/ Kathleen Barnett Einhorn

                  KATHLEEN BARNETT EINHORN

KBE/cr
c:     Andrew Dwyer, Esq. (via ECF)
       Susan M. Scott, Esq., Deputy Attorney General (via ECF)
       Angelo J. Genova, Esq. (via ECF)