<u>NOT FOR PUBLICATION</u>

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| LISA FISHER,<br><br>    Plaintiff,<br><br>    v.<br><br>HON. FRANCINE A. SCHOTT, *et al.*,<br><br>    Defendants. | Civil Action No. 13-5549 (ES)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

## I. INTRODUCTION

  This is an employment action under the federal Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (FMLA), the New Jersey Family Leave Act, N.J.S.A. 34:11B-1 *et seq.* (NJFLA), and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (NJLAD). Pending before this Court is Defendant Francine A. Schott, J.S.C.'s ("Judge Schott" or "Defendant") partial motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (D.E. No. 23). The Court resolves Defendant's motion without oral argument pursuant to Fed. R. Civ. P. 78(b).

  For the reasons set forth below, Defendant's motion to dismiss is DENIED in part and GRANTED in part. First, the motion to dismiss the interference claim against Judge Schott under the FMLA claim is denied because it was sufficiently pled under Fed. R. Civ. P. 8. Second, the motion to dismiss claims for punitive and/or non-economic damages under the FMLA is denied as moot because Fisher did not specifically plead any such claims in her Complaint. Finally, the claim against Judge Schott under the NJFLA is dismissed *with prejudice* because of the comparatively narrow definition of "employer" under the NJFLA.

## II.     FACTUAL & PROCEDURAL BACKGROUND

As set forth in the Complaint, Plaintiff Lisa Fisher ("Fisher" or "Plaintiff") has worked for the New Jersey Judiciary since May 7, 2001, when she was initially appointed as a Judiciary Clerk, assigned to the Superior Court of New Jersey, Essex Vicinage.  (D.E. No. 1, Ex. A Complaint and Jury Demand ("Compl.") ¶ 5).  Fisher was promoted to Judiciary Clerk 3 in 2004, and on January 17, 2011, she was promoted to Judge's Secretary 1, assigned to Judge Schott.  (*Id.* ¶¶ 6–8).

The Complaint states that on or about November 6, 2012, Fisher's Father underwent surgery in connection with his bladder cancer.  (*Id.* ¶ 20).  On or about November 7, 2012, Fisher made a request to take time off from work to care for her Father during his recuperation from his surgery for bladder cancer.  (*Id.* ¶ 23).  Fisher's leave request was approved.  (*Id.* ¶ 26).  Fisher began her leave on December 10, 2012.  Following the leave, and taking some additional benefit days to which she was entitled, Fisher returned to work on January 3, 2013.  (*Id.* ¶ 35–38).

The Complaint alleges that when Fisher returned from the leave in January, Judge Schott angrily confronted her, accused her of "abandoning" her job, accused her of lying about using the leave to care for her Father, and threatened to fire her.  (*Id.* ¶¶ 39–49).  According to the Complaint, as a result of Judge Schott's words and actions, Fisher "reasonably believed she was being threatened with termination."  (*Id.* ¶ 50).  Fisher alleges that Judge Schott then "began a campaign of harassment directed at [P]laintiff, designed to intimidate, harass and threaten [P]laintiff for taking the leave."  (D.E. No. 26, Plaintiff's Brief in Opposition ("Pl. Opp. Br.") at 6–7 (citing Compl. ¶¶ 51–74)).

The Complaint specifically alleges that Judge Schott's harassment directed at Fisher was undertaken because Fisher exercised her rights under the FMLA and the NJFLA, and that Judge

Schott's actions interfered with Fisher's rights under the FMLA and the NJFLA, (Compl. ¶¶ 74–75), by discouraging, dissuading and chilling Fisher's exercise of her leave rights, (*Id.* ¶¶ 78–80).

According to the Complaint, Judge Schott's alleged harassment "created an intimidating, hostile, offensive and abusive working environment" which "caused [P]laintiff to suffer profound emotional distress," requiring medical treatment and ultimately resulting in a temporary disability. (*Id.* ¶¶ 81–87). As a result, on January 24, 2013, Fisher sought to take a leave of absence due to her temporary disability. (*Id.* ¶ 88). This leave was also ultimately approved. The leave was initially for a period until March 11, 2013, but was extended (with approval) to April 2, 2013. (*Id.* ¶¶ 91–92). The Complaint states that on April 2, 2013, when Fisher returned to work, she was told that her secretarial position was taken away from her, and was demoted to Judiciary Clerk. (*Id.* ¶¶ 101–16).

The Complaint pleads violations of the FMLA, NJFLA, and NJLAD and seeks *inter alia* compensatory damages, punitive damages under the NJFLA and NJLAD, costs, and fees. Fisher filed her Complaint in the New Jersey Superior Court, Law Division on July 22, 2013 against Judge Schott, in addition to the Acting Clerk of the Superior Court of New Jersey and the State of New Jersey ("State Defendants"). The action was removed to federal court on September 18, 2013. (D.E. No. 1). Judge Schott filed her Answer on October 9, 2013, (D.E. No. 6), but thereafter sought leave to file a Motion to Dismiss on February 4, 2014, which was granted by the Honorable Judge Michael A. Hammer, U.S.M.J. (*See* D.E. No. 18). Judge Schott filed her Motion to Dismiss on March 7, 2014, (D.E. No. 21), seeking dismissal of (i) Fisher's interference claim against Judge Schott under the FMLA; (ii) any claims for punitive and non-economic damages under the FMLA;

and (iii) Fisher's claim against Judge Schott under the NJFLA.[1]  The Opposition and the Reply were timely filed thereafter.  (D.E. Nos. 26, 31).[2]

## III.  LEGAL STANDARD

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.*

"When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'"  *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)).  But the court is not required to accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678.

Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of the public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

---

[1] Fisher filed an Amended Complaint on May 7, 2014, (D.E. No. 50), two months after Judge Schott filed her Motion to Dismiss.  However, the parties stipulate that the Amended Complaint does not alter the issues raised in the Motion to Dismiss.  Thus, for purposes of addressing the Motion to Dismiss, the Court adopts the original Complaint, (D.E. No. 1), as the operative pleading.

[2] This matter was originally before the Honorable Jose L. Linares, U.S.D.J.  On April 22, 2014, it was reassigned to the Undersigned.

**IV.     DISCUSSION**

    **A.     Count 1: Whether Fisher Can Assert an Interference Claim Under the FMLA When She Was Granted All of the Leave She Requested**

Judge Schott first moves to dismiss Fisher's FMLA claim to the extent it can be construed as an "interference" claim under the FMLA. (D.E. No. 23, Defendant Francine A. Schott's Motion to Dismiss ("Def. Mov. Br.") at 9–12). The crux of Judge Schott's position is that Fisher "was never denied any leave that she requested [and] was granted leave for the exact dates and duration that she requested." (D.E. No. 31, Defendant Francine A. Schott's Reply in Support of its Motion to Dismiss ("Def. Reply Br.") at 4). Judge Schott further contends that Fisher's "interference claim is in fact a retaliation claim" instead. (Def. Reply Br. at 5–6).[3] Fisher argues two independent grounds in opposition. First, Fisher argues that failing to return an employee to her same (or equivalent) position following a leave in and of itself constitutes interference since one of the entitlements under the FMLA is to return to the same (or equivalent) position. (Pl. Opp. Br. at 12–17). Second, Fisher contends that it is interference to "discourage" an employee from using FMLA leave. (Pl. Opp. Br. at 18–22). The Court finds that the interference claim is adequately pled under "discouragement" grounds and denies Judge Schott's motion to dismiss.

    **1.     FMLA Background**

The primary purposes behind the FMLA are to (1) "balance the demands of the workplace with the needs of families" (2) "entitle employees to take reasonable leave for medical reasons" (3) in a manner that accommodates the legitimate interests of employers." 29 U.S.C. § 2601(b)(1)–(3). To achieve these goals, two types of provisions are contained within the FMLA.

---

[3] Notably, Judge Schott does not move to dismiss Fisher's retaliation claim under the FMLA.

First, "the 'entitlement' or 'interference' . . . provisions set floors for employer conduct." *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir.2005). Eligible employees "shall be entitled to a total of twelve workweeks of leave during any twelve-month period" if the employee has a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Following a qualified absence, the employee is entitled to be reinstated to the former position or an alternate one with equivalent pay, benefits and working conditions. 29 U.S.C. § 2614(a)(1). The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615. "Such a claim is typically referred to as an interference claim, and is acknowledged to set floors for employer conduct." *Sommer v. The Vangaurd Grp.*, 461 F.3d 397, 399 (3d Cir. 2006) (quotations omitted). "To assert an interference claim, the employee only needs to show that [s]he was entitled to benefits under the FMLA and that [s]he was denied them." *Id.* (quotation omitted); *see also* 29 C.F.R. § 825.220(b) ("Any violations of the Act or of these regulations constitute interfering with . . . the exercise of rights provided by the Act.").

Second, the "retaliation" or "discrimination" provisions protect an employee from discrimination for using their substantive FMLA rights. *See* 29 U.S.C. § 2615(a)(1) and (2); 29 C.F.R. § 825.220(c) ("The Act's prohibition against interference prohibits an employer from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise FMLA rights."). Employers may not "use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." 29 C.F.R. § 825.220(c). To set forth a claim of retaliation, an employee must show that "(1) [s]he took an FMLA leave, (2) [s]he suffered an adverse employment decision, and (3) the adverse

6

decision was causally related to h[er] leave." *Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004).

### 2. Analysis

A "failure to reinstate" allegation may theoretically constitute an interference claim as well as a retaliation claim under the FMLA. The Third Circuit has specifically held that "firing an employee for a valid request for FMLA leave may constitute interference with the employee's FMLA rights as well as retaliation against the employee." *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009). In addition, the statute itself makes clear that it is "unlawful for any employer to interfere with . . . the exercise of . . . *any* right provided under [the FMLA]." 29 U.S.C. § 2615 (emphasis added). The right to return to the same (or equivalent) position after taking FMLA is undoubtedly a "right" under the FMLA. 29 U.S.C. § 2614. Here, the Complaint states that Judge Schott allegedly "interfered" with Fisher's right to return to her same (or equivalent) position when she was transferred from Judicial Secretary to Judiciary Clerk. (Compl. ¶ 124).

Based on the pleadings, however, the Court cannot discern any substantive distinction between this "failure to reinstate" interference claim and a retaliation claim under the FMLA. In fact, the Court finds that the claim is more accurately defined as a retaliation claim than an interference claim. *See Conoshenti*, 364 F.3d at 146 (listing the elements of a retaliation claim under the FMLA). As such, the Court is inclined to treat the "failure to reinstate" interference claim as a retaliation claim at this juncture. *See id.* at 146–48; *Atchison v. Sears*, 666 F. Supp. 2d 477, 489 (E.D. Pa. 2009); *Barron v. Quest Diagnostics, Inc.*, No. 09–1247, 2010 U.S. Dist. LEXIS 17901, at *13–14 (E.D. Pa. Mar. 1, 2010).

Nevertheless, the Court finds that Fisher has adequately pled an independent interference claim to survive Judge Schott's motion to dismiss. "Interfering with the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but *discouraging* an employee from using such leave." 29 C.F.R. § 825.220(b) (emphasis added). Fisher "alleges that she was directly threatened by Judge Schott with being fired, and was repeatedly harassed and intimidated by Judge Schott, creating a hostile work environment so severe that it eventually forced Fisher out on another FMLA leave with a temporary disability." (Pl. Opp. Br. at 22). Fisher specifically pleads in her Complaint that "Judge Schott's harassing actions and statements directed at [P]laintiff would dissuade a reasonable employee from exercising her rights under the FMLA," (Compl. ¶ 78), and "were intended to discourage plaintiff from taking a leave under the FMLA," (Compl. ¶ 79). The Court finds that these allegations sustain a claim for interference based on "discouragement" of allowing exercise of FMLA rights.

Judge Schott stresses that Fisher "was never denied any leave that she requested, was granted leave for the exact dates and duration that she requested, and was never disciplined for taking any leave." (Def. Reply Br. at 4). *See Robbins v. U.S. Foodservice, Inc.*, No. 11–4599, 2012 U.S. Dist. LEXIS 124665, 2012 WL 3781258 at *5 (D.N.J. Aug. 30, 2012) ("[Employee plaintiff] was not denied benefits; her employer granted her request for leave, and therefore the entitlement theory fails."). However, given the current procedural posture of this case, and guided by the liberal pleading standards of Fed. R. Civ. P. 8, the Court is inclined to give Fisher the benefit of the doubt and allow this claim to proceed so that she may prove her interference claim with substantive evidence. At the same time, Fisher is on notice that the evidence must clearly show

actual discouragement.[4]  Otherwise, the Court invites Judge Schott to revisit this motion at the close of discovery.

> **B.  Count 1: Whether Claims for Non-Economic and Punitive Damages Under the FMLA are Allowed as a Matter of Law**

Next, Judge Schott moves to dismiss Fisher's claims for non-economic and punitive damages under the FMLA as a matter of law.  (Def. Mov. Br. at 12–13).  In opposition, Fisher avows that the Complaint does not seek punitive damages under the FMLA and concedes the point as moot, but she does not address the issue with respect to non-economic damages.  (Pl. Opp. Br. at 11–12).  Seizing on the concession, Judge Schott asks the Court to specifically dismiss Fisher's claims for punitive and non-economic damages (such as emotional distress and pain and suffering) under the FMLA.  (Def. Reply Br. at 8).  The Court finds that this point is moot because the Complaint does not specifically seek such damages.

By its plain language, the FMLA limits recovery to monetary damages such as lost wages, benefits or other compensation.  29 U.S.C. § 2617(a)(1)(A).  The statute does not mention non-economic or punitive damages, and case law "supports" the position that such damages are unavailable as a matter of law under the FMLA.  *See Zawadowicz v. CVS. Corp.*, 99 F. Supp. 2d 518, 540 (D.N.J. 2000) ("Plaintiff concedes that neither punitive damages nor damages for physical and emotional distress are available under the FMLA. . . . Case law further supports this position.") (citations omitted).

---

[4] *See e.g.*, *Shtab v. Greate Bay Hotel and Casino, Inc.*, 173 F. Supp. 2d 255, 267-68 (D.N.J. 2001) (employee was asked to delay FMLA leave); *Williams v. Shenango, Inc.*, 986 F. Supp. 309, 320-21 (W.D. Pa. 1997) (employee was asked to reschedule FMLA leave); *Sabbrese v. Lowe's Home Centers, Inc.*, 320 F. Supp. 2d 311, 330 (W.D. Pa. 2004) (employee was "actually penalized for exercising his right to take [FMLA leave]" via a performance warning in a disciplinary meeting).

However, Fisher's Complaint does not explicitly seek non-economic or punitive damages under the FMLA. Fisher's Complaint seeks "damages for all economic loss, physical and emotional distress, anxiety, humiliation, emotional harm, pain and suffering, career, family and social disruption and other grievous harm," and also seeks "liquidated damages" under the FMLA in accordance with 29 U.S.C. § 2617(a)(1)(A)(iii). (Compl. at 21).

Because Fisher's Complaint does not explicitly seek non-economic or punitive damages under the FMLA, the Court determines that this point is moot and declines to issue any rulings in the abstract. If Fisher ultimately seeks to obtain non-economic or punitive damages under the FMLA, the Court will address such issues at that time.

### C. Count 2: Whether Individual Liability Exists Under the NJFLA as a Matter of Law

Finally, Judge Schott moves to dismiss Fisher's complaint against her under the NJFLA on the grounds that individual liability does not exist under the NJFLA as a matter of law. (Def. Mov. Br. at 14–16). Fisher contends that the "economic reality" test which allows for individual liability under the FMLA in the Third Circuit should be applied the NJFLA. (Pl. Opp. Br. at 23–25). The court agrees with Defendant and declines to find individual liability under the NJFLA. Accordingly, the NJFLA claim against Judge Schott is dismissed with prejudice.

The NJFLA is undoubtedly similar to the FMLA in many key respects. Generally speaking, both statutes allow for an employee to take time off of work to tend to family issues and requires the employer to return the employee to his or her previous (or equivalent) position upon return. *Compare* N.J.S.A. 34:11B-7, *with* 29 U.S.C. § 2614. However, the definition of "employer" under the statutes differs in a key respect, in that the FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer," 29 U.S.C. § 2611(4)(A)(ii)(I), whereas the NJFLA does not have a

similar provision. In other words, the definition of "employer" is narrower under the NJFLA than under the FMLA.

Despite this definitional difference, Fisher suggests the overarching similarity between the FMLA and NJFLA warrants application of the "economic reality" test to the NJFLA. (Pl. Opp. Br. at 24). The "economic reality" test was used to find individual liability under the FMLA in *Haybarger v. Lawrence Cnty. Adult Prob.*, 667 F.3d 408 (3d Cir. 2012). In *Haybarger*, the Third Circuit held that an individual supervisor can be individually liable under the FMLA "when he or she exercises supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation while acting in the employer's interest." *Id.* at 417 (internal citations omitted). According to the Third Circuit, the question would turn on "whether the individual supervisor carried out the functions of an employer with respect to the employee." *Id.*

Significantly, however, the "economic reality" test set forth in *Haybarger* was predicated on the precise statutory language of "employer" under the FMLA. *Id.* ("We return to the FMLA's statutory language, which states that an 'employer' includes 'any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer.' § 2611(4)(A)(ii)(I). We believe *this language* means that an individual is subject to FMLA liability . . . .") (emphasis added). Furthermore, we also "could not find any New Jersey cases imposing individual supervisor liability under the NJFLA." *Stone v. Winter Enters., P.C.,* 2012 U.S. Dist. LEXIS 175133, 2012 WL 6155606 (D.N.J. Dec. 11, 2012).

In light of the more limited definition of "employer" under the NJFLA and the absence of case law holding otherwise, this Court declines to apply the "economic reality" test and finds that individual liability does not exist as a matter of law under the NJFLA. Accordingly, the Court dismisses the NJFLA claim against Judge Schott with prejudice.

## V. CONCLUSION

For the reasons above, Judge Schott's motion to dismiss is DENIED in part and GRANTED in part. First, the motion to dismiss the interference claim against Judge Schott under the FMLA claim is denied because it was sufficiently pled under Fed. R. Civ. P. 8. Second, the motion to dismiss claims for punitive and/or non-economic damages under the FMLA is denied as moot because Fisher did not plead any such claims in her Complaint. Finally, the claim against Judge Schott under the NJFLA is dismissed with prejudice because of the comparatively narrow definition of "employer" under the NJFLA.

s/ *Esther Salas*  
**Esther Salas, U.S.D.J.**