# THE DWYER LAW FIRM, L.L.C.

17 ACADEMY STREET, SUITE 1201
NEWARK, NEW JERSEY 07102

ANDREW DWYER*

LA TOYA L. BARRETT*
ANGELICA M. CESARIO*

*ALSO ADMITTED IN NEW YORK

(973) 242-3636
FAX (973) 242-3399
www.thedwyerlawfirm.com

ATLANTIC CITY AREA OFFICE
CORNERSTONE COMMERCE CENTER
1201 NEW ROAD, SUITE 230
LINWOOD, NEW JERSEY 08221
(609) 601-6600
(609) 601-6601 (FAX)

SPECIAL COUNSEL
JONATHAN E. DIEGO
www.diegonewjerseylawyer.com

PLEASE REPLY TO NEWARK OFFICE

December 4, 2014

Hon. Michael A. Hammer, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King, Jr. Federal Bldg.
   & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      Re:   <u>Lisa Fisher v. Hon. Francine A. Schott, J.S.C., et al.</u>,
            Civil Action No. 13-5549 (ES) (MAH)

Dear Judge Hammer:

     This office represents the plaintiff in the above-referenced case. This is an employment case brought under the Family Medical Leave Act, the New Jersey Family Leave Act, and the New Jersey Law Against Discrimination.

     Per Your Honor's Order dated December 2, 2014, I am responding to the letter from defense counsel Kathleen Barrett Einhorn dated December 1, 2014, as well as related prior correspondence regarding various discovery issues.

     For the Court's information, this afternoon Ms. Einhorn and myself held a telephone conference where we conferred regarding these issues, and I believe we resolved several issues, but not all issues.

     I believe we have **partially** resolved the following issues:

*I have no problem providing a written certification from plaintiff that she has no other credit cards, bank cards or debit cards *during the relevant time period*. Bear in mind that these records solely relate to plaintiff's physical location, and this Court has already ruled in its Order dated August 14, 2014, that the relevant time period for this inquiry is:

November 5 through 13, 2012 and December 10 through 26, 2012. So whether plaintiff had bank cards or credit cards at some other point in time is irrelevant. Finally, I note that once again defendants are expanding their request to include discovery regarding **charge cards**. This was never part of their prior discovery requests, and they should not be heard on this issue.

*I have no problem providing confirmation that plaintiff has no other records related to her 2008 leave of absence.

*I have no problem providing a HIPPA authorization so that defendant can obtain records maintained by the State regarding plaintiff's 2008 leave of absence (even though I believe defendants already have all these records from the discovery previously produced by the State).

*I have no problem providing a certification from plaintiff explaining to what extent anything was modified on plaintiff's social media prior to the commencement of this lawsuit.

*I have no problem identifying what efforts have been made to locate any data deleted from plaintiff's cell phone.

Regarding the foregoing issues, I would like to have until December 12th to provide this additional information.

The one additional issue where we have a disagreement concerns defendant Schott's demand for all medical records from some of plaintiff's treatment providers, namely, her gynecologist (Yvonne Cadet-Wright, M.D.), and a neurologist (Arthur Rothman, M.D.). Defendant's position regarding the temporal scope of this request has varied over time. Defendant's initial demand sought this information going back to 2004 – when plaintiff started working for the State. In her December 1st letter to the Court, defense counsel seemed to modify the request to seek records covering the time period from 2006 to 2008 (I have no idea how this time period was derived). In an email sent to me this afternoon, defense counsel now seems to be saying she wants these records from January 1, 2008 to the present. This latest request, apparently, is based on the fact that plaintiff took a leave of absence for temporary disability in 2008.

However they are framed, we oppose these requests as being overbroad, unduly invasive of plaintiff's privacy and not reasonably calculated to lead to relevant, admissible evidence.

This case arises out of events in 2012 and 2013.  Specifically, plaintiff went on an FMLA leave in 2012 to care for her Father (who lives in Virginia).  That 2012 leave had nothing to do with plaintiff's medical condition.  In early 2013, plaintiff went on an FMLA leave for her own medical condition.  ***Defendants already have all of plaintiff's records from her 2013 leave.***

Defendants already have a wealth of information concerning plaintiff's medical history, including records from all of her treatment providers from 2012 (before she went on leave) to the present.  Plaintiff has given defendants access to her medical records going back to November 1, 2011 – or 15 months before plaintiff went on leave.  Defendants have a wide variety of other information (e.g., social media discovery) related to emotional distress.  Defendants can also depose plaintiff, as well as her treatment providers.

To the extent that defendant Schott is arguing that plaintiff's leave of absence in 2008 entitles her to plaintiff's medical records going back to 2008, this argument is nonsensical.  The fact that plaintiff went on a disability leave in 2008 has nothing to do with the underlying merits of this case, namely, the legitimacy of her FMLA leave to care for her Father in 2012, and the legitimacy of her own leave in 2013.  Defendants themselves do not contend there was anything suspect or improper about plaintiff's 2008 leave.

However, even if the 2008 leave was somehow at issue, ***defendants already have the records related to the 2008 leave*** (and plaintiff has already agreed to sign ***another*** HIPPA release authorizing access to the records from the 2008 leave, just in case somehow something was missed).  Defendant Schott speculates – without any factual basis – that plaintiff's gynecologist and/or neurologist might have been involved in the 2008 leave.  Even if this were so, their records would already be included in the records from the 2008 LOA anyway.  So defendants search through all the records maintained by the Ob/Gyn and by the neurologist for a ***seven year period (2008 through 2014)*** is a fishing expedition, pure and simple.

Alternatively, defendants argue that the records might be relevant to plaintiff's emotional distress, even though they are seeking records that predate any claim for emotional distress by ***five years***.  Significantly, ***defendant Schott herself agreed that November 1, 2011 to the present was the proper time frame for records related to emotional distress, because that was the time frame of her actual discovery demand*** (Schott Interrogatories Nos. 10 and 11).  This Court's Order, dated August 14, 2014, limited the scope of discovery regarding social media as it relates to

emotional distress even more severely – from December 27, 2012 to the present. There is simply no explanation for defendant's sudden demand that plaintiff produce otherwise private medical records going back an additional five years. (Again, this assumes we are operating from the most recent request, which appears to go back to January 1, 2008. Otherwise, defendant is seeking records going back even further -- to 2006 or 2004, depending on which letter one reads.)

Just because a plaintiff alleges emotional distress, it does not follow that defendant is entitled to the plaintiff's entire medical history for her entire life. Courts correctly limit the scope of discovery to a period of time related to the emotional distress. See, e.g., Fox v. Gates Corp., 179 F.R.D. 303, 306-07 (D. Colo. 1998) (discovery of medical records limited to time period where plaintiff experienced emotional distress due to defendant's actions); Bottomly v. Leucadia National, 163 F.R.D. 617, 619, 621-22 (D. Utah 1995).

Plaintiff has already produced those records. In fact, plaintiff has produced medical records going back more than a year prior to any claim of emotional distress. And plaintiff has produced records related to a prior leave of absence in 2008. This Court (as evidenced by the August 14th Order) has recognized that the scope of discovery related to emotional distress should be related to the time period of the emotional distress itself. And even defendant Schott, in her initial demands, limited the scope of her discovery for medical records to the period of November 1, 2011 to the present.

In sum, defendant Schott seeks to dramatically expand the scope of medical records sought, in a fishing expedition that has no basis in fact, and no support in the law. This particular discovery request should be denied.

Thank you for Your Honor's courtesies.

Very truly yours,

THE DWYER LAW FIRM, L.L.C.

Andrew Dwyer

cc: Lisa Fisher
William Nestor (via ECF)
Susan M. Scott (via ECF)