UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                            :

**LISA FISHER,**                                :

        **Plaintiff,**                     :        Civil Action No. 13-5549 (ES)

v.                                    :

                                         :        **ORDER**

**HON. FRANCINE A. SCHOTT, et al.,**  :

        **Defendants.**              :
_____:

      This matter having come before the Court by way of: (1) the parties' joint letter dated November 13, 2014 [D.E. 93] regarding outstanding discovery issues; (2) Defendant Schott's letter dated December 1, 2014 [D.E. 98] requesting an exigent ruling on several issues; and (3) Plaintiff's letter dated December 4, 2014 [D.E. 100] responding to Defendant Schott's letter;

      and the Court having considered the parties' submissions as well as the applicable law;

      and the Court having held a hearing on the record on December 5, 2014;

      and for the reasons set forth on the record on December 5, 2014;

      and for good cause shown;

      **IT IS on this 8th day of December, 2014**,

      **ORDERED that**:

1. On or before **December 6, 2014**, counsel for Defendant Schott shall confer with her client to discuss whether the investigator Defendant hired to interview a representative of Bloomfield Automotive Repairs will testify at trial. Defense counsel shall then notify the Court and Plaintiff.

2. On or before **December 9, 2014**, Plaintiff shall provide to Defendant Schott a written confirmation that there are no other credit, bank, or charge cards issued to and/or held jointly by Plaintiff during the relevant time periods between November 1, 2012 and January 13, 2013, other than: (1) Plaintiff's Bank of America account held jointly with

her son; (2) Plaintiff's Bank of America account held jointly with her daughter; and (3) Plaintiff's Santander account held jointly with her husband.

3. On or before **December 12, 2014**:

   a. Plaintiff shall provide Defendant Schott with HIPAA authorizations for Plaintiff's medical and prescription records from: (1) Newark Beth Israel Medical Center; (2) Plaintiff's neurologist, Arthur Rothman, M.D.; (3) Plaintiff's gynecologist, Yvonne Cadet-Wright, M.D.; and (4) all Walmart Pharmacies. All medical and prescription records shall be produced for the time period of November 1, 2011 to January 13, 2013.

   b. Plaintiff shall provide to Defendant Schott any responsive e-discovery, and if no information exists, then Plaintiff shall explain, in writing, what efforts were made to locate any missing data. Plaintiff shall also identify any experts who may draft a report detailing an examination of Plaintiff's cellular phone data.

   c. Plaintiff shall provide to Defendant Schott a written confirmation that Plaintiff has provided all documents in Plaintiff's possession regarding any disability leave from 2008 to present.

   d. Plaintiff shall provide to Defendant Schott a written confirmation describing to what extent anything was modified on Plaintiff's social media accounts before this action commenced.

   e. Defendant Schott shall provide to Plaintiff any information about any alleged work performance deficiencies, or a written confirmation that no deficiencies exist.

*s/ Michael A. Hammer*
**UNITED STATES MAGISTRATE JUDGE**